UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TEK FOR YOUR LIFE, LLC,

    Plaintiff,

vs.

GUARDIAN PHARMACY, LLC, *et al.*,

    Defendants.

Case No. 3:24-cv-204

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT GUARDIAN PHARMACY, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. No. 20); (2) GRANTING GUARDIAN PHARMACY SERVICES MANAGEMENT, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. No. 23); (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (Doc. No. 1); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff TEK For Your Life, LLC ("TEK") is an Ohio limited liability company with its principal place of business in Montgomery County, Ohio. Doc. No. 1 at PageID 2. Plaintiff TEK brings this case, premised on diversity jurisdiction, seeking damages for tortious interference with a business relationship, unjust enrichment, and quantum meruit. *Id.* at PageID 6–12. Defendant Guardian Pharmacy, LLC ("Guardian") is a limited liability company organized under the laws of Indiana with its principal place of business in Georgia. Doc. No. 20-1 at PageID 70. Defendant Guardian Pharmacy Services Management, LLC ("Guardian Services") is a limited liability company organized under the laws of Georgia with its principal place of business in Georgia. Doc. No. 23-1 at PageID 87.

This civil case is before the Court on Defendant Guardian's Fed. R. Civ. P. 12(b)(2) motion to dismiss (Doc. No. 20) claiming a lack of personal jurisdiction over that Defendant and Defendant Guardian Services' Fed. R. Civ. P. 12(b)(2) motion to dismiss (Doc. No. 23) likewise

alleging a lack of personal jurisdiction. Plaintiff TEK filed opposition memoranda to both motions. Doc. Nos. 29, 30. Defendant Guardian and Defendant Guardian Services (collectively "Defendants") replied. Doc. Nos. 31, 32. The motions are now ripe for review.

## I.

Plaintiff TEK is an Ohio limited liability company whose sole owner is MW Holdings & Investments, Inc., an Ohio corporation. Doc. No. 29-1 at PageID 142; Doc. No. 30-1 at PageID 182. TEK is a subcontractor that, among other services, manages companies' security systems and installs IT and wiring. *See* Doc. No. 1 at PageID 9.

As noted previously, Defendant Guardian is an Indiana limited liability company with its principal place of business in Georgia (Doc. No. 20-1 at PageID 70), and Defendant Guardian Services is a Georgia limited liability company with its principal place of business in Georgia (Doc. No. 23-1 at PageID 87). Defendants are not registered as foreign limited liability companies with the Ohio Secretary of State. Doc No. 20-1 at PageID 70; Doc No. 23-1 at PageID 87. None of Defendants' members are citizens of Ohio. *Id.* Yet, Plaintiff sued Defendants in Ohio. Doc. No. 1.

This dispute arises out of approximately seven contracts in which neither Defendant Guardian nor Defendant Guardian Services was a party. Doc. No. 1 at PageID 4; Doc. No. 20-1 at PageID 70; Doc. No. 23-1 at PageID 87. Instead, the contracts were between Plaintiff and Breckenridge Consulting, LLC ("Breckenridge") and/or Shine On, LLC ("Shine On") for work to be performed by Plaintiff at seven job sites in six states. Doc. No. 1 at PageID 4. Plaintiff alleges one contract was for work performed at Guardian Pharmacy of Cincinnati, LLC's Fairborn, Ohio

location.[1]  *Id.*  Under the contract with Breckenridge and/or Shine On, Plaintiff allegedly installed and serviced the security system at the Fairborn location.  Doc. No. 1 at PageID 9.

This case is unusual because Defendants were not a part of any contracts regarding Plaintiff's services.  Plaintiff believes Defendants contracted with Breckenridge and Shine On giving them the authority to act as agents on behalf of Defendants.  *Id.* at PageID 4.  In doing so, according to Plaintiff, Breckenridge and Shine On were to coordinate the supervision of outside contractors related to security systems at multiple locations throughout the United States.  *Id.*  Plaintiff alleges one of the locations included Guardian Pharmacy of Cincinnati, LLC's Fairborn site.  *Id.*  However, Defendants allege in sworn affidavits they have never been "a party to any contract with Breckenridge Consulting, LLC or Shine On, LLC for services allegedly performed at Guardian Pharmacy of Cincinnati, LLC's Fairborn, Ohio or Cincinnati, Ohio locations."  Doc. No. 20-1 at PageID 70; Doc No. 23-1 at PageID 88.

In May 2023, Plaintiff notified Defendants that it was ending its relationship with Defendants related to all current and future work.  Doc. No. 1 at PageID 7.  On July 18, 2024, Plaintiff filed the present case against Defendants on the basis of diversity jurisdiction.  No. Doc. 1.  Plaintiff seeks damages for tortious interference with a business relationship, unjust enrichment, and quantum meruit.  *Id.* at PageID 6–12.  Defendants contend dismissal is warranted for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Doc. No. 20; Doc. No. 23.

---

[1] Defendants contend that Defendant Guardian, Defendant Guardian Services, and Guardian Pharmacy of Cincinnati, LLC are three separate and distinct legal entities. Doc. No. 31 at PageID 217; Doc. No. 32 at PageID 228. Guardian Pharmacy of Cincinnati, LLC is a citizen of Ohio, as two of its members are citizens of Ohio. Doc. No 15-1 at PageID 48. Guardian Pharmacy of Cincinnati, LLC has locations in Fairborn, Ohio and Cincinnati, Ohio. Doc. No. 1 at PageID 3. Guardian Pharmacy of Cincinnati, LLC is not a party to this dispute. Plaintiff voluntarily dismissed its claims against Guardian Pharmacy of Cincinnati, LLC on September 5, 2024. Doc. No. 27.

**II.**

A court has three different paths to resolve a Rule 12(b)(2) motion: (1) "decide the motion upon the affidavits alone"; (2) "permit discovery in aid of deciding the motion"; or (3) "conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where the motion will be decided on the affidavits alone—as the Court will do here—a plaintiff need only make a *prima facie* showing of personal jurisdiction. *See, e.g.*, *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003). The Court must also evaluate the complaint and accompanying affidavits in the light most favorable to the plaintiff. *See, e.g.*, *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Still, it remains the plaintiff's burden to show the Court has personal jurisdiction over the defendant. *See, e.g.*, *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

The complaint must "establish[] with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted). Accordingly, "conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction." *Arnold v. CooperSurgical, Inc.*, 681 F.Supp.3d 803, 814 (S.D. Ohio July 10, 2023) (citing *Morrison v. Taurus Int'l Co.*, No. 3:11-cv-322, 2012 WL 5493962, at *1 (S.D. Ohio Nov. 13, 2012)).

It is well established that there are two kinds of personal jurisdiction that can be exercised under Ohio law:

> Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum.

*Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).

4

A court sitting in diversity must respect the contours of the forum state's long-arm statute. *See, e.g.*, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). The Sixth Circuit has recognized that Ohio's long-arm statute is "not coterminous" with the federal Due Process Clause. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008)) ("We have recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits"). Courts assess personal jurisdiction with a two-part test that asks "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner*, 441 F.3d at 463.

### III.

Plaintiff does not explicitly state whether it is asserting general or specific jurisdiction. However, in analyzing Plaintiff's complaint and memoranda, the Court finds that Plaintiff has not alleged facts sufficient to support general jurisdiction over non-resident Defendants such as Guardian or Guardian Services. *See id.* The Court will therefore address only whether it has specific personal jurisdiction over Defendants.

Plaintiff argues that the Court has specific personal jurisdiction over Defendants under the Ohio long-arm statute and/or the federal Due Process Clause. Doc. No. 29 at PageID 137; Doc. No. 30 at PageID 176. To support this, Plaintiff must make a prima-facie showing that Defendants' contacts satisfy both Ohio's long-arm statute and the federal Due Process Clause. *Brunner*, 441 F.3d at 463.

#### A. Ohio Long-Arm Statute

Plaintiff argues the Court may exercise personal jurisdiction over Defendants because they are "doing business in Ohio." Doc. No. 1 at PageID 3. Plaintiff does not expressly allege its claims arise from one of the nine enumerated categories of conduct that subject an entity to specific

5

personal jurisdiction in Ohio. *See* Ohio Rev. Code § 2307.382(A).  Instead, in its opposition to Defendants' motions to dismiss, Plaintiff simply lists, without arguing, three of the nine enumerated actions (Doc. No. 29 at PageID 140) and generically asserts that at least one of the nine bases for jurisdiction is met (Doc. No. 30 at PageID 180–81).

Plaintiff alleges that both Defendants serve as the "national team" for "locally operated pharmacies" across the country.  Doc. No. 29 at PageID 140; Doc. No. 30 at PageID 179.  In an attempt to establish Defendants are "doing business in Ohio," Plaintiff states a "laundry-list of self-proclaimed services that Defendant[s] provide[] to its 'partner' pharmacies" across the country.  Doc. No. 30 at PageID 179–80; *see* Doc. No. 29 at PageID 140.  In particular, Plaintiff alleges that Defendants provide functions like business expertise, support services, payroll services, recruitment and training, and revenue audits to its "partner pharmacies."  Doc. No. 29 at PageID 140; Doc. No. 30 at PageID 179–80.  Plaintiff does not address how the services Defendants allegedly provide to their subsidiary pharmacies across the country relate to Defendants' conduct in Ohio or to Plaintiff's causes of action.

In order to satisfy the Ohio long-arm statute, a plaintiff must show not merely that defendant transacts business in Ohio, but also that plaintiff's cause of action arose from defendant's business transactions in Ohio.  *See Brunner,* 441 F.3d at 464; *see also Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492, at *4 (S.D. Ohio June 13, 2007) ("personal jurisdiction does not exist where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio").

Assuming, *arguendo,* that the evidence proffered by Plaintiff suffices to demonstrate that Defendants transacted business in Ohio during the time here in question, Plaintiff nonetheless has failed to show, or even attempt to show, how its causes of action "arose from" Defendants'

6

business undertakings in Ohio. The Sixth Circuit has held that the "arising from" clause of Ohio's long-arm statute "requires a 'proximate cause' relationship between a plaintiff's []claim and the defendant's conduct in Ohio." *Arnold*, 681 F.Supp.3d at 818 (citing *Brunner,* 441 F.3d at 465–66). Beyond offering the laundry-list of administrative services Defendants allegedly provide to its locally operated "partner pharmacies," Plaintiff has brought forth no evidence to support the proposition that Defendants' alleged business activity in Ohio was a proximate cause of Plaintiff's claims at issue. *See Black v. Bews*, No. 3:11CV00065, 2011 WL 3812151, at *3 (S.D. Ohio Aug. 5, 2011), *report and recommendation adopted*, No. 3:11CV0065, 2011 WL 3812690 (S.D. Ohio Aug. 29, 2011).

Though its burden is light, Plaintiff has failed to establish that this Court has specific personal jurisdiction over Defendants. The Court is not required to construct Plaintiff's argument for it from the complaint or the briefing on Defendants' motions to dismiss. *See Crawford v. Crestar Foods*, 210 F.3d 371, at *8 (6th Cir. 2000) ("The district court is not required to make [plaintiff's] argument for him."); *Kornblut v. Hudson City Sch. Dist. Bd. of Educ.*, No. 5:14-cv-1986, 2015 WL 5159082, at *8 n.22 (N.D. Ohio Sept. 2, 2015) (citing cases). Jurisdiction over Defendants is therefore not proper under Ohio's long-arm statute.

    **B.**     **Federal Due Process Clause**

Because the Court cannot assert personal jurisdiction over Defendants under Ohio's long-arm statute, it is unnecessary to evaluate whether the exercise of jurisdiction is proper under the Fourteenth Amendment's Due Process Clause. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 514–15 (6th Cir. 2006) ("Because we find that [the defendant] did not establish the minimum contacts necessary for the district court to exercise jurisdiction under the Ohio long-arm statute, it is unnecessary for us to engage in the constitutional due process inquiry").

7

IV.

For the foregoing reasons, the Court: (1) **GRANTS** Defendant Guardian's motion to dismiss for lack of personal jurisdiction (Doc. No. 20); (2) **GRANTS** Defendant Guardian Services' motion to dismiss for lack of personal jurisdiction (Doc. No. 23); (3) **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint (Doc. No. 1); and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

  December 13, 2024                                                     s/Michael J. Newman
                                                                                     Hon. Michael J. Newman
                                                                                     United States District Judge